UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:22-cv-00073-RBD-LRH

ASHLEY FRANCIS,

    Plaintiff,

v.

ACCOUNT RESOLUTION
SERVICES, LLC,

    Defendant.
_____/

## DEFENDANT, ACCOUNT RESOLUTION SERVICES, LLC.'S[1] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, ACCOUNT RESOLUTION SERVICES, LLC.'S ("ARS"), and files its Answer and Affirmative Defenses to the Complaint in the above-entitled matter, denies each and every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

---

[1] The correct legal name of the Defendant is Healthcare Revenue Recovery Service Group, LLC d/b/a ARS Account Resolution Services.

## NATURE OF THE ACTION

1. Admitted for purposes of personal and federal question jurisdiction, venue, and claims identification only; otherwise denied. It is denied at this time as to whether Plaintiff has asserted sufficient facts to support Article III jurisdiction.

## JURISDICTION AND VENUE

2. Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

3. Admitted for purposes of venue only; otherwise denied.

## PARTIES

4. Admitted for purposes of jurisdiction and venue only; otherwise denied.

5. Denied as stated. Admitted to the extent that Defendant is a Florida limited liability company and maintains its principal place of business within the State of Florida.

## ALLEGATIONS

6. Admitted to the extent that Defendant ARS was retained to seek repayment of a past due debt obligation from the Plaintiff. Otherwise, denied.

7. Unknown at this time; therefore denied.

8. Unknown at this time; therefore denied.

9. Unknown at this time; therefore denied.

10. Unknown at this time; therefore denied.

11. Unknown at this time; therefore denied.

12. Admitted.

13. Denied. Defendant demands strict proof thereof.

14. Denied. Defendant demands strict proof thereof.

15. Denied. Defendant demands strict proof thereof.

## **Count I: FDCPA**

16. ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

17. Admitted to the extent that ARS is considered a "data furnisher" as that term is defined under the FCRA and reports to credit reporting agencies, on behalf of its creditor clients, and a "debt collector" as that term is defined under the FDCPA and was retained to collect the past due debt obligations, otherwise denied.

18. Admitted.

19. Admitted to the extent that ARS is considered a "data furnisher" as that term is defined under the FCRA and reports to credit reporting agencies, on behalf of its creditor clients, and a "debt collector" as that term is defined under the FDCPA and was retained to collect the past due debt obligations, otherwise denied.

20. Denied; Defendant demands strict proof thereof.

21. Denied; Defendant demands strict proof thereof.

22. Denied; Defendant demands strict proof thereof.

23. Denied; Defendant demands strict proof thereof.

## Jury Demand

24. Defendant hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which CWC denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against ARS.

### FOURTH AFFIRMATIVE DEFENSE

While ARS denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then ARS alleges such

damage was not caused by ARS but was proximately caused or contributed to by the conduct of others for whom ARS is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because ARS at all times acted in a reasonable manner and in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, which ARS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from ARS.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide error*" defense pursuant to the Fair Debt Collection Practices Act, Sections 1692e(8) since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

5

**NINTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff lacks sufficient injury harm or concrete harm to maintain Article III standing.

**WHEREFORE,** Defendant, ACCOUNT RESOLUTION SERVICES, LLC prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against ARS with prejudice and on the merits; and

2. Award ARS such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **28th** day of **March, 2022.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **March 28, 2022**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record: Daniel Brennan, Esquire *at daniel@crlam.com (Attorney for Plaintiff).*

>*/s/ Ernest H. Kohlmyer, III*
>Ernest H. Kohlmyer, III
>Florida Bar No.: 0110108
>SKohlmyer@shepardfirm.com
>Shepard, Smith, Kohlmyer & Hand, P.A.
>2300 Maitland Center Parkway, Suite 100
>Maitland, Florida 32751
>Phone: (407) 622-1772
>Fax: (407) 622-1884
>*Attorneys for Defendant*